Reese J.
delivered the opinion of the court.
Is the surety of a constable, upon a suit Or motion against him for moneys received by the constable, concluded by the confession of a judgment made by his principal, after his retirement from office? Certainly not. For although the liability of the surety, being .collateral to that of his principal, a judgment by confession, or upon testimony of witnesses, is evidence against the surety, still it does not conclude the surety from establishing such facts as show that'the principal was not liable. This is the substance and meaning of the charge of the circuit court as we think, to the jury who tried the issue. The court says, indeed, that a judgment confessed by one who had been an officer, but who was at the time of said confession out of office, for the payment of money received and collected by him, would not authorize a judgment by motion against the sureties for the amount so confessed; that such judgment was not binding upon his securities, and was not evidence against them; and that the securities might defend themselves by showing that the money was collected and received after he was out of office ? The clear import of which is, that the judgment, though evidence, does not conclude them. They may show that they are not liable, because their princi *114 pal did not, in his official character, receive the money, for his acts, in that character, only are they bound. They may show that by collusion, the judgment seeks to fix them with the individual responsibilities of their principal. Why should not this be done? The admission of their principal may be pri-ma facie operative against them; but if they can show those admissions to be fraudulent and collusive, what shall prevent them from doing so? As to the small sum of money, seven dollars and fifty cents, said to have been received by the constable before his resignation, there is no error. Our confidence in Frazier’s correctness in point of memory, is weakened by the memorandum or list of notes acknowledged to have been in his hand writing; by the fact that he did not remember that Kenney’s own note of fifty-two dollars, was given to him in payment of the claim; moreover he does not say, that he paid in money. He says he had a good many notes on Ken-ney; that he' gave him one of fifty-two dollars, and that he might, also in that way have settled some smaller sum. The matter may rest as the jury left it. Let the judgment be affirmed.
Judgment affirmed.